UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>COLLEEN PATRIDGE-STAUDINGER and<br>RICHARD A. FLAIZ, M.D.,<br><br>  Defendants. | No. CR-12-6043-FVS-1<br>No. CR-12-6043-FVS-2<br><br>ORDER DENYING MOTION TO<br>DISMISS |

**THIS MATTER** came before the Court on January 11, 2013, based upon the defendants' motion to dismiss. Colleen Patridge-Staudinger was represented by James E. Egan. Richard A. Flaiz, M.D., was represented by William D. McCool. The government was represented by Alexander C. Ekstrom.

**BACKGROUND**

A number of allegations are set forth below. The Court has drawn them from the Indictment. The Court expresses no opinion with respect to their accuracy. After all, allegations are just that -- allegations. It remains to be seen whether the government can prove any of them.

The government alleges dysport and xeomin are prescription drugs. They can be injected under a person's skin in order to treat wrinkles. Colleen Patridge-Staudinger is licensed to engage in the practice of

Order - 1

esthetics in the State of Washington.  On a number of occasions during 2011 and 2012, she obtained either dysport or xeomin from Richard A. Flaiz, M.D., at his office in the State of Oregon.  Acting pursuant to his instructions, she brought the drugs into the State of Washington and injected them into patients in order to eliminate wrinkles.

Dr. Flaiz is licensed to practice medicine in the State of Oregon, but not in the State of Washington.  In the government's opinion, he violated federal law by directing Mrs. Patridge-Staudinger to administer the injections that are described in the Indictment, and she violated federal law by administering them. The government's opinion is based, in part, upon provisions that are set forth in 21 U.S.C. § 353(b)(1)(C) and 21 U.S.C. § 331(k).  It is useful to begin with § 353(b).  A drug which is covered by that paragraph "shall be dispensed only . . . upon a written prescription of a practitioner licensed by law to administer such drug, . . . ." 21 U.S.C. § 353(b)(1)(C).  "The act of dispensing a drug contrary to the provisions of this paragraph shall be deemed to be an act which results in the drug being misbranded while held for sale." *Id.*  The Eighth Circuit summarized § 353(b)(1)(C) in *United States v. Smith*, 573 F.3d 639 (8th Cir.2009).  "A drug is 'misbranded,'" said the Eighth Circuit, "unless dispensed upon a 'prescription of a practitioner licensed by law to administer such drug.'" *Id.* at 650 (quoting 21 U.S.C. § 353(b)(1)(C)).  The government alleges Dr. Flaiz was not licensed to prescribe the injections that are described in the Indictment.  It follows, says the government, that Mrs. Patridge-

Order - 2

Staudinger was not authorized to administer them.  Consequently, according to the government, Dr. Flaiz and Mrs. Patridge-Staudinger misbranded the injections she administered.  Misbranding a drug is unlawful.  21 U.S.C. § 331(k).

On August 14, 2012, a grand jury returned an indictment charging Mrs. Patridge-Staudinger and Dr. Flaiz with one count of conspiracy to misbrand prescription drugs, 18 U.S.C. § 371, and four counts of misbranding prescription drugs, 21 U.S.C. § 353(b)(1).  The defendants move to dismiss the indictment.  They argue the government has misstated the law.  According to them, Dr. Flaiz was authorized to supervise Mrs. Patridge-Staudinger in the State of Washington.

**RULE 12(b)**

The defendants are bringing their motion to dismiss under Federal Rules of Criminal procedure 12(b)(2) and 12(b)(3)(B).  Rule 12(b)(2) states, "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."  However, neither Rule 12(b)(2) nor any other Federal Rule of Criminal Procedure authorizes a motion for summary judgment in a criminal case.  *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir.1996) (citing *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir.1992) (per curiam)).  Thus, when a defendant moves to dismiss based upon the government's alleged inability to prove an element of the charge, a district court must determine whether the issue raised by the defendant's motion is "entirely segregable from the evidence to be presented at trial."  *United States v. Shortt Accountancy Corp.*,

Order - 3

785 F.2d 1448, 1452 (9th Cir.), (internal punctuation and citations omitted), *cert. denied*, 478 U.S. 1007, 106 S.Ct. 3301, 92 L.Ed.2d 715 (1986).  If resolution of the motion "is substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred."  *Id.* (internal quotation and citations omitted).

The defendants are also relying upon Rule 12(b)(3).  It states in pertinent part, "[A]t any time while the case is pending, the court may hear a claim that the indictment or information fails . . . to state an offense."  The Court's inquiry under Rule 12(b)(3)(B) is "narrow."  *United States v. Moore*, 563 F.3d 583, 586 (7th Cir.2009). When determining whether an indictment states an offense, a court "is bound by the four corners of the indictment . . .[, and] "must accept the truth of the allegations in the indictment[.]"  *United States v. Boren*, 278 F.3d 911, 914 (9th Cir.2002) (citations omitted).  "An indictment fails to state an offense if the specific facts alleged in it 'fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation.'"  *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir.2007) (quoting *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir.2002)).

**ANALYSIS**

A drug that falls within the scope of § 353(b) "shall be dispensed only . . . upon a written prescription of a practitioner licensed by law to administer such drug, . . . ."  21 U.S.C. § 353(b)(1)(C).  The preceding provision does not expressly require a

Order - 4

practitioner to be licensed in the state in which a regulated drug is administered. Instead, it requires only that he be "licensed by law to administer such drug." Dr. Flaiz is licensed to practice medicine in Oregon. The government acknowledges he is licensed to prescribe dysport and xeomin injections in that state. The defendants maintain Dr. Flaiz's authority to prescribe injections is not limited to Oregon. In support of this contention, they cite RCW 18.71.030(6), which permits:

> The practice of medicine by any practitioner licensed by another state or territory in which he or she resides, provided that such practitioner shall not open an office or appoint a place of meeting patients or receiving calls within this state; . . .

The defendants allege Dr. Flaiz complied with RCW 18.71.030(6). According to them, he did not open an office in the State of Washington. Nor, as they view the record, did he establish a place in Washington to meet patients. Nor did he receive calls in this state. Thus, in the defendants' opinion, Dr. Flaiz did not exceed the authority that is conferred by RCW 18.71.030(6).

The government rejects the defendants' interpretation of RCW 18.71.030(6). In the government's opinion, the statute does not authorize Dr. Flaiz to supervise Mrs. Patridge-Staudinger's injections in the State of Washington. The government's position is based, in part, upon its reading of *State v. Tracy*, 158 Wn.2d 683, 147 P.3d 559 (2006). *Tracy* involved the Washington State Medical Use of Cannabis Act, chapter 69.51A RCW. The defendant, Sharon Tracy, was charged

Order - 5

with manufacturing marijuana. 158 Wn.2d at 685-86. She attempted to establish she was a "qualifying patient" within the meaning of chapter 69.51A and, thus, entitled to present a "compassionate use defense." In order to do so, she had to demonstrate she was "a patient of a physician licensed under chapter 18.71 . . . ." 158 Wn.2d at 688. Neither of the physicians who allegedly endorsed her use of marijuana was licensed by the State of Washington. Both were licensed by other states. As a result, the Washington Supreme Court had to decide whether either physician was a "qualified physician" within the meaning of chapter 69.51A. The Supreme Court ruled against Ms. Tracy. In essence, the Supreme Court distinguished between two classes of physicians. One class is composed of physicians who are formally licensed by the State of Washington to practice medicine in this state. The other class is composed of physicians who are formally licensed by another state to practice medicine in that state, but who, in certain limited circumstances, are permitted by the State of Washington to practice medicine here. 158 Wn.2d at 689-90. Only physicians who fall within the first class -- *i.e.*, physicians who are formally licensed by the State of Washington -- are "qualified physicians" within the meaning of chapter 69.51A. 158 Wn.2d at 690. In reaching that conclusion, the state Supreme Court mentioned RCW 18.71.030(6), but did not attempt to establish its parameters. The state Supreme Court's most extensive comment about RCW 18.71.030(6) was this, "But the exception relied upon by Tracy does not include all out-of-state physicians for every purpose; it merely permits out-of-

Order - 6

state physicians temporarily within the state, but without an office or similar professional connections, to practice their calling while in Washington." 158 Wn.2d at 690. The preceding statement does not provide this Court with enough guidance to anticipate how the Washington Supreme Court would respond to Dr. Flaiz's interpretation of RCW 18.71.030(6), and the Washington Supreme Court is the authoritative interpreter of state law. *See Golden West Refining Co. v. SunTrust Bank*, 538 F.3d 1233, 1237 (9th Cir.2008) (diversity jurisdiction). Perhaps the Washington Supreme Court would embrace Dr. Flaiz's interpretation; perhaps not. This Court cannot be sure.

**RULING**

Dismissal is appropriate under Rule 12(b) only if the defendants can identify a dispositive legal issue that is segregable from the evidence which will be presented at their trial. This is not such a case. The defendants maintain RCW 18.71.030(6) authorized Dr. Flaiz to supervise Mrs. Patridge-Staudinger. In order to prevail, they must demonstrate that he did "not open an office or appoint a place of meeting patients or receiving calls within this state[.]" Those are factual issues. Absent a stipulation of facts (and there is none), the Court cannot exclude the possibility that Dr. Flaiz's actions fell outside the scope of RCW 18.71.030(6). Since the legal issue that the defendants have raised cannot be segregated from the evidence that will be presented at trial, and since it is unclear whether the Washington Supreme Court would adopt Dr. Flaiz's interpretation of RCW 18.71.030(6), the defendants are not entitled to dismissal prior to

Order - 7

trial under Rule 12(b).  This is a narrow ruling.  The Court is not ratifying the government's decision to charge the defendants with crimes (as opposed to seeking a non-criminal resolution of the dispute), nor is the Court indicating the government will be able to avoid a motion to dismiss under Federal Rule of Criminal Procedure 29.  That remains to be seen.  All the Court is saying is this:  Given the existence of material factual disputes, given the lack of an authoritative interpretation of Washington law, and given the constraints imposed by Rule 12(b), the defendants' motion to dismiss must be denied.

**IT IS HEREBY ORDERED:**

The defendants' "Motion to Dismiss Indictment" (**ECF No. 31**) is denied.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___14th___ day of January, 2013.

                s/ Fred Van Sickle
                  Fred Van Sickle
        Senior United States District Judge